IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| OPAL WORDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-464-CV-W-ODS |
| | ) | |
| SHARON LEE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER (1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;
AND (2) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AS MOOT</u>

On May 23, 2014, Plaintiff filed a Motion to Proceed In Forma Pauperis. On May 28, 2014, the Court deferred consideration of Plaintiff's Motion and directed Plaintiff to file an Amended Complaint that provided a description of the factual events giving rise to her claims. *See* Doc. # 4. The Court also directed Plaintiff to state the citizenship of each Defendant and the amount of damages Plaintiff sought because Plaintiff's Complaint did not properly assert that this Court has jurisdiction over the case. On June 10, 2014, Plaintiff filed her Amended Complaint (Doc. # 5). In a June 19, 2014 Order (Doc. # 6), the Court indicated that the Amended Complaint also did not provide any basis for Plaintiff's purported negligence claims, nor did it properly assert that this Court has jurisdiction over the case. The Court directed Plaintiff to file a Second Amended Complaint that stated specific conduct committed by each Defendant that Plaintiff claimed violated her rights under the law. Further, because it was likely the case only arose under a state-law negligence claim, the Court directed Plaintiff to state the citizenship of each Defendant and the amount of damages she sought. On July 3, 2014, Plaintiff filed her Second Amended Complaint (Doc. # 7). On July 16, 2014, Plaintiff filed supplemental information (Doc. # 8).

The Court denies Plaintiff's Motion to Proceed In Forma Pauperis for two independent reasons: (1) the Court is unable to ascertain whether it has jurisdiction in this case; and (2) the Second Amended Complaint does not provide any basis for Plaintiff's purported negligence claims.

Federal courts only have jurisdiction to hear cases where there is either a federal statute that provides the basis for Plaintiff's claim, or there is diversity of citizenship between

the parties and the amount in controversy involves more than $75,000. *See* 28 U.S.C. § 1331, 1332. Plaintiff's Second Amended Complaint has failed to invoke federal question jurisdiction. Plaintiff's assertion that Defendants actions were a "violation of [her] civil rights" are unavailing as she has not stated any conduct supporting such a claim. Plaintiff has also failed to invoke jurisdiction based on diversity of citizenship. Plaintiff has not provided the residences of each Defendant. Instead, Plaintiff has provided the addresses of each Defendant's employer and noted that each Defendant "is a U.S. Citizen." Even if the Court considered the employers' addresses as each Defendant's personal residence, this Court would still not have jurisdiction as there is not complete diversity of citizenship. Plaintiff's citizenship is Missouri and the Second Amended Complaint provides a Missouri address for the employers of Defendants Flannigan and Harrison-Mitchell.

Plaintiff's Second Amended Complaint is also devoid of any facts setting forth a basis for her negligence claims. Among other things, the Second Amended Complaint alleges: Defendant St. John's Hospital "knowingly released [Plaintiff] from their care while [Plaintiff] had a 1.62 blood clot, chest pains, and diagnosis of overdose;" Defendant Riggins "neglected to oversee the actions of the employees in her division after previously making a similar misstep in oversight;" Defendants Activis/Watson Pharmaceutical and Parr Pharmaceutical "failed to enter a recommendation to prevent overdoses;" Defendant Kansas Medicaid "over-sighted four overdosed prescriptions;" Defendant Flannigan "failed to inspect the paperwork given to [Plaintiff] which lacked the description of the size, color, and shape of the [Marinol] capsules;" Defendant Hairston-Mitchell "failed to prescribe Marinol according to patient's weight;" Defendant Dunfee was negligent in taking blood samples; Defendant Lee "failed to extract any blood samples" following Plaintiff's alleged overdose; and that Defendant Zerbe was "negligent in acknowledging the increase in medication dosage." The Second Amended Complaint has not alleged sufficient facts to demonstrate that it is not barred by 28 U.S.C. § 1915(e)(2)(B).

The Court denies Plaintiff's Motion to Proceed In Forma Pauperis (Doc. # 1) and Plaintiff's Motion to Appoint Counsel (Doc. # 3) is denied as moot.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 14, 2014               UNITED STATES DISTRICT COURT